CHANCERY.                **Farrow** *vs* **Farrow.**

*Case* 103.            APPEAL FROM THE MASON CIRCUIT.

                       *Lapse of time.    Stale claims.*

*June* 13.          JUDGE MARSHALL delivered the opinion of the Court.

The case stated.    IN 1841, Joseph Farrow filed this bill against William Farrow, to obtain the re-conveyance of a tract of land, and a restoration of the possession, and a decree for rents and profits, upon the allegation that in 1803, he had conveyed the land to William Farrow for the alledged consideration of two hundred and fifty pounds, but really for the sole purpose of indemnifying him against a particular liability then apprehended, as growing out of the acts of the complainant, but long since terminated without loss; that a bond was executed by William of even date with the deed, stipulating for the re-conveyance of the land, on receiving payment, within a year, of the said sum of £250, and being indemnified against certain matters referred to, but that the £250 was never due, and was fictitious; and that William Farrow had taken possession of the land shortly after the date of the deed, and held it ever since, receiving the issues and profits, &c.

The great delay in failing, for nearly thirty eight years, to assert the alledged equity, being wholly unaccounted for by any statement in the bill, the claim, upon the complainant's own showing, is one which the Chancellor regards as stale, and on that ground not enforcible in a Court of Equity. Nor upon looking through the record, do we find any attempt to explain this long delay, or any fact which tends to excuse it, or to detract materially from the inference which it authorizes, that long before the commencement of this suit, the claim was abandoned. The deed and bond referred to, prove that there was a real consideration of £250, the re-payment of which, within a year, was one of the conditions on which alone the title was to be re-conveyed; and the allegation of the bill to the contrary, even if not conclusively disproved by

Absolute conveyance was made of a tract of land, and a bond given to reconvey on the payment of a certain sum within one year. After the lapse of 38 years, the Chancellor should not interfere at the instance of the grantor, the delay being wholly unaccounted for.

these documents, has scarcely a shadow of evidence to support it. It may, therefore, be inferred, as the defendant alledges in his answer, that the complainant received what at the time, and for years afterwards, he regarded as a fair equivalent for his land, and therefore, acquiesced in the condition of things as settled by the deed.

It is true the defendant in his answer, refers to the record of a former suit, brought by himself against Joseph Farrow and other co-heirs, for a division of the larger tract of which the land conveyed to him by Joseph was a part; and from that record it appears that William Farrow then claimed Joseph's part; that Joseph, by answer and cross bill, resisted the claim on substantially the same ground now set up; and that William Farrow, in his answer to the cross bill, filed more than nineteen years before the commencement of the present suit, referred to the fact that Joseph had lately entered upon the possession without authority, and said that as he had agreed to let Joseph have the land on re-paying the £250, and indemnifying him, he was still willing to do so, claiming, however, interest upon the sum named, and also a reimbursement of other advances coming within the condition of the bond. No proof having been taken and no offer of re-payment having been made by Joseph Farrow, his cross bill was dismissed without prejudice, and the share of the land claimed from him, allotted to William Farrow, by a decree rendered about nineteen years before the present bill was filed.

The margin note: *The claim is not aided by the fact that complainant 19 years before, had brought the subject up in a cross bill in another suit between the parties, which was never prosecuted by complainant, suffered to be dismissed, and especially as it varies entirely from the facts admitted in the answer to that cross bill.*

The defendant relies, not only upon lapse of time, the statute of limitations, and the staleness of the claim, but also upon the proceedings and decree in the former suit, as a bar to the demand now set up; and the complainant relies upon the admissions of the former answer as obviating the effect of the lapse of time, and as in fact furnishing the sole ground on which any relief can be granted. But without stopping to enquire what should be the effect of the former decree, or what influence the statements of the former answer might have, if the bill had been properly framed for redeeming the land according to the terms of the deed and bond, and upon allegations which would have entitled the complainant to the benefit

of the facts disclosed by the former answer of the defendant, we are of opinion that the case attempted to be made out upon the record referred to in the answer, is so variant from that stated in the bill, that it does not entitle the complainant to any relief. The former answer of the defendant, if it would entitle the complainant to come in to redeem the land when this bill was filed, does not entitle him to a re-conveyance without redemption, as prayed for. But that answer and the conclusive facts of the case, show he is not entitled to such relief. He has not asked nor offered to redeem. He does not even alledge facts which show his right now to redeem; all the facts being within his knowledge; his bill can derive no aid from the facts appearing in the record referred to in the answer. There is, therefore, no allegation upon which, under his general prayer, a redemption should have been decreed, even if an offer to redeem could be dispensed with; and as the Court should not have based a decree upon facts not alledged, there was no proper alternative but the dismissal of his bill; nor do we suppose that the dismissal of a bill praying for an unconditional re-conveyance of the land, not offering to redeem, making out no case for redemption, but denying that the land was subject to any burthen of the £250, or ever had been, would in itself, be a bar to a proper bill acknowledging a mortgage and offering and asking to redeem.

Wherefore, the decree is affirmed.

*L. Hord* for appellant: *McClung & Taylor* for appellee.